IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:07CR70-1
) 1:07CR340-1
JERRELL BOBBY MOORE )

JUDGMENT AND COMMITMENT
Supervised Release Violation Hearing

On October 2, 2019, a hearing was held on a charge that Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment and Commitment filed on April 27, 2016, a copy of which is attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Robert L. McClellan, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violations as follows were willful and without lawful excuse.

Violation 1. Between the dates of 4/26/2016 and 5/26/2016, the Defendant committed multiple federal, state or local crimes and subsequently pled guilty to those offenses, in Guilford County, North Carolina.

Violation 2. On 5/19/2016, the Defendant tested positive for marijuana.

Violation 3. On 5/26/2016, the Defendant was arrested with a person, Mr. Leeshawn Joyner, who has multiple felony convictions.

**IT IS ORDERED** that the Defendant's supervised release is revoked on all counts in Case No. 1:07CR70-1 and Case No. 1:07CR340-1.

**IT IS FURTHER ORDERED** that in Case No. 1:07CR70-1, the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of forty-six (46) months as to Count Four. A term of one (1) month of imprisonment is imposed as to each of Counts One and Three in Case No. 1:07CR70-1 which shall run concurrently with the sentence imposed as to Count Four in Case No. 1:07CR70-1. Supervised release is hereby re-imposed for a term of six (6) months as to each of Counts One, Three and Four in Case No 1:07CR70-1, which shall run concurrently with each other. The sentence is imposed to run consecutive to any state sentence imposed.

**IT IS FURTHER ORDERED** that in Case No. 1:07CR340-1, the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of one (1) month imprisonment as to Count One which shall run concurrently with the sentence imposed in Count Four in Case No. 1:07CR70-1. Supervised release is hereby re-imposed for a term of six (6) months as to Count One in Case

No. 1:07CR340-1, which shall run concurrently with Counts One, Three and Four in Case No 1:07CR70-1. The sentence is imposed to run consecutive to any state sentence imposed.

During the term of supervised release, the Defendant shall abide by the mandatory and standard conditions of release as adopted by the Federal Judicial Conference (effective November 1, 2016). In addition to those conditions, the supervised release is re-imposed on the same terms and conditions as were previously imposed with the following modifications: (1) the Defendant shall submit to substance abuse testing, at any time, as directed by the probation officer. (2) In the event the entire amount of criminal monetary penalties is not paid prior to the commencement of the term of supervised release, the Defendant shall make payments in equal monthly installments of $20.00 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

**IT IS RECOMMENDED** that the Defendant be designated to a facility as close to his family in Durham, North Carolina, as possible, and that the Defendant be designated to a facility where he may participate in vocational training to include commercial driver's license training, HVAC training, and carpentry.

The Defendant is remanded to the custody of the United States Marshal.

This the 7th day of November, 2019.

　　　　　　　　　　　　　　　　_William L. Osteen, Jr._
　　　　　　　　　　　　　　　　United States District Judge

- 4 -

Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 4 of 19

**ATTACHMENT 1**

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07-CR-70-1; 1:07-CR-340-1

**MANDATORY CONDITIONS**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer.
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.
7. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07-CR-70-1; 1:07-CR-340-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If

you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.; anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at www.uscourts.gov.

Defendant's Signature _____  Date _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:07CR70-1
) 1:07CR340-1
JERRELL BOBBY MOORE )

## JUDGMENT AND COMMITMENT
### Supervised Release Violation Hearing

On March 11, 2016, a hearing was held on a charge that Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed on June 1, 2009, and the Modification for Residential Re-entry filed on October 8, 2014, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Robert L. McClellan, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release.

**IT IS ORDERED** that the Defendant's supervised release is revoked.

**IT IS FURTHER ORDERED** that the Defendant is hereby committed to the custody of the Bureau of Prisons for imprisonment for a term of six (6) months. Defendant is to be given full credit for time previously served in this matter, and

as a result, no further custodial sentence is to be imposed or run at the present time. Supervised release is hereby re-imposed for a term of twenty-eight (28) months as to each of all four counts to run concurrently with each other. The supervised release is re-imposed on the same terms and conditions as were previously imposed with the following modification: In the event the entire amount of criminal monetary penalties is not paid prior to the commencement of the term of supervised release, the Defendant shall continue to make equal monthly installment payments of $50.00 to begin 60 days after commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

The Defendant is remanded to the custody of the United States Marshal.

This the 27th day of April, 2016.

_William L. Osteen, Jr._
Chief United States District Judge

- 2 -

# United States District Court
## Middle District of North Carolina

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| JERRELL BOBBY MOORE | Case Number: 1:07CR70-1, 1:07CR340-1 |
| | USM Number: 23670-057 |
| | Robert L. McClellan |
| | Defendant's Attorney |

FILED JUN - 1 2009 IN THIS OFFICE CLERK U.S. DISTRICT COURT GREENSBORO, NC

## THE DEFENDANT:

☒ pleaded guilty to counts 1, 3 and 4 in 1:07CR70-1 and Count 1 in 1:07CR340-1.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Carjacking in 1:07CR70-1 | 1/20/2006 | 1 |
| 18:2113 (a) and 2113(d) and 2 | Armed Bank Robbery in 1:07CR70-1 | 1/20/2006 | 3 |
| 18:924 (c)(1) (A) (iii) and 2 | Carrying and Using by Discharging a Firearm During and in Relation to a Crime of Violence in 1:07CR70-1 | 1/20/2006 | 4 |
| 18:1951 (a) and 3551 | Interference with Commerce by Threat or Violence in 1:07CR340-1 | 9/30/2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count 2 in 1:07CR70-1 is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 21, 2009
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judicial Officer

William L. Osteen, Jr. United States District Judge
Name & Title of Judicial Officer

JUN - 1 2009
Date

Case 1:07-cr-00070-WO   Document 32   Filed 06/01/09   Page 1 of 6
Case 1:07-cr-00070-WO   Document 63   Filed 04/27/16   Page 3 of 12
Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 10 of 19

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07CR70-1, 1:07CR340-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 147 months.

[ Case 1:07CR70-1 - 75 months as to Count 3 and 60 months as to Count 1 to run concurrently with the sentence imposed in Count 3; 72 months as to Count 4 to run consecutively to the sentence imposed in Counts 1 and 3 and the sentence imposed in 1:07CR340-1 ]

[ Case 1:07CR340-1- 75 months as to Count 1 to run concurrently with the sentence imposed as to Counts 1 and 3 in 1:07CR70-1]

☒ The court makes the following recommendations to the Bureau of Prisons: the defendant be housed by the Bureau of Prisons in a facility separate and apart from the following individuals: Derrick Edwards, Tyrone Isaac, Roderick Blue, James Williams and Delroy Lee.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

   ☐ at _____ am/pm on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 pm on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY _____
DEPUTY US MARSHAL

Case 1:07-cr-00070-WO   Document 32   Filed 06/01/09   Page 2 of 6
Case 1:07-cr-00070-WO   Document 63   Filed 04/27/16   Page 4 of 12
Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 11 of 19

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07CR70-1, 1:07CR340-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

[ In 1:07CR70-1, five (5) years as to Count 3, three (3) years as to Count 1, and three (3) years as to Count 4. All counts to run concurrently; three (3) years in 1:07CR340-1 to run concurrently with all other terms of supervised release in 1:07CR70-1. ]

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07CR70-1, 1:07CR340-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07CR70-1, 1:07cr340-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $400.00 | $0 | $20,735.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wachovia Bank | $20,735.00 | $20,735.00 | |
| **Totals:** | $ 20,735.00 | $ 20,735.00 | |

☐ Restitution amount ordered pursuant to plea agreement: $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

Case 1:07-cr-00070-WO   Document 32   Filed 06/01/09   Page 5 of 6
Case 1:07-cr-00070-WO   Document 63   Filed 04/27/16   Page 7 of 12
Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 14 of 19

DEFENDANT: JERRELL BOBBY MOORE
CASE NUMBER: 1:07CR70-1, 1:07CR340-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 21,135.00 due immediately, balance due

    ☐ not later than _____ , or

    ☒ in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ In the event the entire amount of restitution is not paid prior to commencement of Supervised Release, the defendant shall make payments in equal *monthly* installments of $ 100.00 , to commence 60 days after commencement of a term of supervised release and continuing during the entire term of supervised release or until paid in full.

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

PROB 12B
10/03

UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

FILED
OCT 0 8 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

| | | | |
|---|---|---|---|
| Name of Offender: | Jerrell Bobby Moore | Case Number: | 1:07CR70-1 and 1:07CR340-1 |

Name of Sentencing Judicial Officer:     The Honorable William L. Osteen, Jr.

Date of Original Sentence:     April 21, 2009

Original Offense:     **1:07CR70-1**
Count One: Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371.
Count Three: Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d) and 2.
Count Four: Carrying and Using by Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.
**1:07CR340-1**
Count One: Interference with Commerce by Threat or Violence in violation of 18 U.S.C. §§ 1951(a) and 3551.

Original Sentence:     147 months imprisonment, five years supervised release.
**1:07CR70-1** - 75 months imprisonment as to Count Three, 60 months as to Count One to run concurrently with the sentence imposed in Count Three; 72 months as to Count Four to run consecutively to the sentence imposed in Counts One and Three and the sentence imposed in 1:07CR340-1. Five years supervised release as to Count Three, three years as to Count One, and three years as to Count Four. All counts to run concurrently.
**1:07CR340-1**- 75 months imprisonment as to Count One to run concurrently with the sentence imposed as to Counts One and Three in 1:07CR70-1. Three years supervised release to run concurrently with all other terms of supervised release in 1:07CR340-1.

May 7, 2013: Sentence reduction from 147 months imprisonment to 86 months pursuant to Rule 35(b) was filed.

January 21, 2014: Modification for Restitution Payment was filed.

March 26, 2014: Modification for Home Confinement was filed.

| Type of Supervision: | Supervised Release | Date Supervision Commenced: May 24, 2013 |
|---|---|---|
| | | Date Supervision Expires: May 23, 2018 |

Assistant U.S. Attorney: Michael DeFranco            Defense Attorney: Robert L. McClellan

Case 1:07-cr-00070-WO Document 46 Filed 10/08/14 Page 1 of 4
Case 1:07-cr-00070-WO Document 63 Filed 04/27/16 Page 9 of 12
Case 1:07-cr-00070-WO Document 80 Filed 11/07/19 Page 16 of 19

## PETITIONING THE COURT

[ ]  To extend the term of supervision for   years, for a total term of   years.
[X]  To modify the conditions of supervision as follows:

> The defendant shall participate in a mental health treatment program approved by the probation department with a focus on anger management. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the probation department, based upon the defendant's ability to pay and/or the availability of third party payment
>
> The defendant shall comply with the medication regimen prescribed by a licensed psychiatrist approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and any psychotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third party payment.
>
> The defendant shall comply with the medication regimen, which may include injectable medication, prescribed by a licensed psychiatrist approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and any psychotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third party payment.
>
> For a period of 90 days, the offender shall reside in a Residential Re-Entry Center (RRC) approved by the Probation Department. While in the RRC, the offender shall adhere to all rules and conditions established by the RRC, including the payment of subsistence costs.

## CAUSE

Mr. Jerrell Bobby Moore was released from imprisonment on May 24, 2013, to begin his term of supervised release in the Eastern District of New York (ED/NY). His jurisdiction remains in the Middle District of North Carolina. Mr. Moore is being supervised by Senior U.S. Probation Officer Dennis Stickley (ED/NY). Mr. Moore presently resides in Freeport, New York, with his wife and children. He successfully completed substance abuse treatment on June 16, 2014. Substance abuse testing has shown negative results. Mr. Moore has struggled with securing and maintaining employment throughout the term of supervision. However, he has paid a total of $3,635.00 toward his restitution of $20,735.00.

On August 15, 2014, Mr. Moore was arrested by the Hempstead, New York Police Department and charged with Misdemeanor Criminal Mischief: Intent to Damage Property. According to the arrest report and Senior U.S. Probation Officer Stickley's interview of Mr. Moore and his wife, Mr. Moore was engaged in a verbal argument with his wife on the date of arrest. The argument escalated and Mr. Moore began to throw furniture causing holes in the walls and punched a large hole in the door of a closet. Since damage was caused by Mr. Moore, he was arrested and charged. He was arraigned in Nassau County First District Court and released on bail. His next court date is scheduled for October 6, 2014. Mr. Moore's wife did not sustain any physical injuries during this incident.

RE: Jerrell Bobby Moore  3

Senior U.S. Probation Officer Stickley's recommendation notes that the RRC modification would serve as a punitive sanction for the above behavior as well as provide Mr. Moore with access to necessary employment/vocational programs for purposes of employment. Mr. Moore will also be referred for anger management so that he can better address future stressful situations. Mr. Moore has consented to a modification of his conditions of supervision. Our office is also in agreement with Senior U.S. Probation Officer Stickley's recommendation.

Respectfully submitted,

Edward R. Cameron
Supervisory U.S. Probation Officer

Approved by:

Michael L. Barr
Supervisory U.S. Probation Officer

9/17/2014
Date

---

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other:

ENTERED ON DOCKET
Signature of Judicial Officer

OCT 08 2014
Date

Case 1:07-cr-00070-WO   Document 46   Filed 10/08/14   Page 3 of 4
Case 1:07-cr-00070-WO   Document 63   Filed 04/27/16   Page 11 of 12
Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 18 of 19

PROB 49
(8/13)SWPA

# United States District Court

## MIDDLE DISTRICT OF NORTH CAROLINA

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*SPECIAL CONDITION: The defendant shall participate in a mental health treatment program approved by the probation department with a focus on anger management. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the probation department, based upon the defendant's ability to pay and/or the availability of third party payment.*

*The defendant shall comply with the medication regimen prescribed by a licensed psychiatrist approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and any psychotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third party payment.*

*The defendant shall comply with the medication regimen, which may include injectable medication, prescribed by a licensed psychiatrist approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and any psychotropic medications prescribed via co-payment or full payment in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third party payment.*

*SPECIAL CONDITION: For a period of 90 days, the offender shall reside in a Residential Re-Entry Center (RRC) approved by the Probation Department. While in the RRC, the offender shall adhere to all rules and conditions established by the RRC, including the payment of subsistence costs.*

Witness _____  Signed _____
Dennis Stickley                  Jerrell Bobby Moore
(Senior U.S. Probation Officer)  (Supervised Releasee)

Aug 27, 2014
(Date)

Case 1:07-cr-00070-WO   Document 46   Filed 10/08/14   Page 4 of 4
Case 1:07-cr-00070-WO   Document 63   Filed 04/27/16   Page 12 of 12
Case 1:07-cr-00070-WO   Document 80   Filed 11/07/19   Page 19 of 19