IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRELL BOBBY MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:20CV920 |
| v. ) | 1:07CR70-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND AMENDED RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a form for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Due to an error in scanning the document into the Court's electronic case filing system, only the last page of the form appeared in the Court's electronic records. For this reason, the Court construed the filing as a motion under § 2255, but the undersigned recommended dismissal because Petitioner did not supply the entire form, the filing appeared to raise a claim for jail credit appropriate under 28 U.S.C. § 2241 rather than § 2255, and Petitioner neglected to sign the form. After entry of the Recommendation (Docket Entry 87), the Clerk's Office discovered the scanning error, scanned the missing pages, and docketed them. In light of the correction of that error, the undersigned will withdraw the prior Recommendation and enter this Order and Amended Recommendation.

Even with all of the pages now entered into the electronic case file, Petitioner's § 2255 Motion (Docket Entry 86) still cannot be further processed for the following reason:

1. The Motion was not signed by Petitioner. Rule 2(b), Rules Governing § 2255 Proceedings. At least one copy of submitted motions must bear Petitioner's original signature, not a copy of a signature.

Because of this pleading failure, this particular Motion should still be dismissed, but without prejudice to Petitioner promptly filing a new action correcting the defect of the present Motion. To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow and sign.

Further, the Court notes that one of Petitioner's claims does seek to raise a claim seeking jail credit rather than attack the legality of Petitioner's sentence or conviction in this Court. If so, a filing under § 2255 is not the proper way to raise such a claim. Ordinarily, a prisoner attacking the calculation of his sentence, including credit for time served, must file a petition for habeas corpus under 28 U.S.C. § 2241 after exhausting any available administrative remedies within the United States Bureau of Prisons. If Petitioner seeks to file such an action, he must request the proper forms from the Clerk after, if necessary, exhausting any available administrative remedies.

Additionally, after the entry of the prior Recommendation, Petitioner filed two further motions. The first of these is labeled "Motion: To Set Aside Judgment" (Docket Entry 89) and seeks to attack the Judgment (Docket Entry 80) and sentence entered following the revocation of Petitioner's supervised release. Any such attack must be pursued in Petitioner's § 2255 Motion. In fact, Petitioner raises the same or similar claims

in that § 2255 Motion.  His Motion should be denied without prejudice to Petitioner pursuing his claims in a properly filed § 2255 motion.  Petitioner also filed a Motion (Docket Entry 90) seeking for credit for time served prior to the revocation of his supervised release.  As explained above, the proper route or challenging any calculation of Petitioner's jail credit is through a petition under § 2241 after exhausting any administrative remedies.  This current Motion should also be denied.

IT IS THEREFORE ORDERED that the prior Recommendation (Docket Entry 87) is withdrawn.

IT IS FURTHER ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing corrected actions.

IT IS FURTHER RECOMMENDED that Petitioner's Motions (Docket Entry 89, 90) seeking to set aside the revocation Judgment and to receive jail credit be denied without prejudice to Petitioner pursing the claims raise therein through appropriate actions as discussed above.

This, the 30th day of October, 2020.

_____
Joe L. Webster
United States Magistrate Judge